## Case No. 4,148.

DUNHAM v. CINCINNATI, P. & C. R. CO.

[9 Pittsb. Leg. J. 90.]

Circuit Court, D. Indiana. 1861.

[2] [From 2 Wkly. Notes Cas. 52.]

THE COURT decided such priority in his favor.

THE COURT held:

1. That the road not being in existence when the mortgage was made, the mortgage at law did not cover it. That by the terms of the mortgage it appears to have been the intention of the parties that the road when built should be covered by the mortgage, and was consequently enforcible in equity and only there, and that, therefore, the doctrine of industrial annexations to the soil did not cause the superstruction made by Walker to pass under the mortgage, to the exclusion of Walker's rights under the agreement.

2. That the large expenditure of Walker in completing the road, and the company's inability to otherwise do so, than by agreeing to leave Walker in possession until the company paid him what it might owe him therefor, presented so manifest and superior an equity to priority of payment from the proceeds of the sale of the road, that no court of equity would deprive Walker of the road and its earnings without awarding and enforcing that priority; and to uphold that priority, the court would presume that the trustee and bond-holders assented to the agreement between Walker and the company giving that priority, if such presumption were necessary, to overcome any technicality of the law militating against such a manifest equity.